# IN THE COURT OF APPEALS OF IOWA

No. 20-0777
Filed April 14, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JONATHAN L. GINES,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Sarah Crane, Judge.

Jonathan Gines appeals his conviction for child endangerment resulting in bodily injury. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**BOWER, Chief Judge.**

Jonathan Gines appeals his conviction for child endangerment resulting in bodily injury. Gines claims the court improperly relied on statements in the minutes of testimony to which he did not admit when imposing sentence. We affirm.

On October 2, 2019, Gines knowingly acted in a manner that created a substantial risk to his child's physical health when he struck the child's buttocks multiple times with a belt, which resulted in substantial bruising. Another of Gines's children was present at the time. Gines pleaded guilty to one count of child endangerment resulting in bodily injury, in violation of Iowa Code section 726.6(6) (2019). Gines did not admit any additional facts and rejected incorporating the minutes of testimony to support a factual basis.[1] At the time of the offense, Gines was on probation for assaulting the children's mother.

At sentencing, Gines sought a deferred judgment. The court considered the presentence investigation report, arguments by counsel, a personal statement by Gines, and victim impact statements from both children. The court entered judgment, imposed and suspended a five-year prison sentence, and placed Gines on probation for a period of three years.

Gines appeals, claiming the court improperly relied on information from the minutes of testimony when denying him a deferred judgment.

"Our review of a sentence imposed in a criminal case is for correction of errors at law." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Before

---

[1] The minutes of testimony included an allegation Gines made comments how the department of human services (DHS) was supposed to protect the child but would not protect him that night.

deferring judgment or suspending sentence, the court must consider "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform." *Id.* at 725. The court also considers "the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors, as well as which of the sentencing options would satisfy the societal goals of sentencing." *Id.* "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *Id.* at 724. A defendant seeking to overcome that presumption must "affirmatively demonstrat[e] the court relied on an improper factor." *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020).

In its sentencing argument, the State referenced the comments Gines allegedly made while striking the child. Gines did not object. Gines's attorney clarified they did not agree at the time of the guilty plea to incorporate the minutes of testimony to be used at sentencing. However, the minutes of testimony were incorporated into the presentence investigation report as the official version of the offense without objection or correction from Gines.

When deciding whether to defer or impose judgment, the court stated,

> I've read the presentence investigation report in preparation for this hearing, and I have heard the arguments of counsel, the statement— the allocution made by Mr. Gines and the victim impact statements of two of the children.
> I am going to adjudge the defendant guilty given the seriousness of the crime that was charged. I understand . . . the arguments of the defense that . . . people may have been raised in more authoritarian or disciplinarian-oriented households, but this

> really crossed the line and has impacted the children—based on the victim impact statements has really impacted the children.
>
> Further, part of what I've taken into account is both protection of the public and rehabilitation. I believe the rehabilitation goals would be served through a suspended sentence, and I believe that a suspended sentence recognizes the defendant's prior record of convictions and the need to protect the public and his family members from future crimes.

The facts Gines objects to were not part of Gines's plea but were incorporated without objection into the presentence investigation report. The only references made by the court to DHS was in the context of related juvenile proceedings and DHS supervision of any visits he might have with the children in the future.

The court focused on the offense itself, Gines's domestic-abuse history, and the effect of the offense on the children. Gines has failed to make an affirmative showing the court relied on inappropriate factors. *See Damme*, 944 N.W.2d at 106. Finding no legal error or abuse of discretion, we affirm.

**AFFIRMED.**